UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BECKER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALLCOM, INC., an Alaska corporation, *et al.*,<br><br>　　　　Defendants. | Case No. C04-0958L<br><br>ORDER REGARDING MOTION FOR REASONABLENESS DETERMINATION |

　　This matter comes before the Court on a motion filed by plaintiffs Steven and Rhonda Becker for a determination that the settlement agreement they have entered into with defendant Allcom, Inc. is reasonable under RCW 4.22.060. (Dkt. #108). Plaintiffs seek that determination because the Amyx and Scapier defendants have joint and several liability in this action. The Court conducted a reasonableness hearing on July 5, 2005.

　　In evaluating the motion, the Court has considered the following factors: (1) plaintiffs' damages; (2) the merits of plaintiffs' liability theory; (3) the merits of the released parties' defense theory; (4) the released parties' relative fault; (5) the risk and expense of continued litigation; (6) the released parties' ability to pay; (7) evidence of bad faith, collusion, or fraud, (8) the extent of plaintiffs' preparation and investigation of the case; and (9) the interests of the

ORDER REGARDING MOTION
FOR REASONABLENESS DETERMINATION - 1

Scapier and Amyx defendants, who are not being released. See Glover v. Tacoma Gen. Hosp., 98 Wn.2d 708, 717 (1983), overruled on other grounds by Crown Controls, Inc. v. Smiley, 110 Wn.2d 694 (1988). Although the Amyx defendants argue that the settlement amount is unreasonably low, the amount is proportionate to the amount of damages sought given that only plaintiffs' claim under the Washington State Securities Act, RCW 21.20 *et seq.* (the "WSSA") remains.[1] The Amyx defendants also argue that they received only belated and incomplete notice of the settlement; however, the notice they received satisfied both the requirements of the statute and due process. The evidence of Allcom's precarious financial situation highlights the risk and expense of continued litigation against Allcom. The Court also notes that the Amyx and Scapier defendants retain their rights against Allcom, and will not be prejudiced by the settlement.[2] Finally, the Court's role at this stage of the proceedings is not to determine the effect of the settlement on the remaining parties' indemnification rights, but rather to ensure that the settlement is not the product of fraud or a "sweetheart" deal. See, e.g., Schmidt v. Cornerstone Investments, Inc., 115 Wn.2d 148, 157 (1990) (reviewing legislative history and noting legislature's concern with claimants entering into sweetheart deals with favored parties). The Court finds no evidence of fraud or a sweetheart deal.

After reviewing the proposed settlement and considering the relevant factors, the Court finds that the settlement between Allcom and plaintiffs is reasonable, and GRANTS plaintiffs'

---

[1] Plaintiffs seek approximately $1.24 million in damages for their WSSA claim; the settlement requires Allcom to pay plaintiffs $900,000 plus interest or shares in a joint venture.

[2] In their memorandum, plaintiffs requested that if the Court found the settlement reasonable, then it should dismiss Amyx and Scapier's cross-claims for indemnity and contribution against Allcom. Plaintiffs' counsel appropriately withdrew the request for that relief during oral argument. See Zamora v. Mobil Oil Corp., 104 Wn.2d 211, 217 (1985) (noting that indemnification rights cannot be extinguished by settlement between third parties).

ORDER REGARDING MOTION
FOR REASONABLENESS DETERMINATION - 2

1  request for a finding of reasonableness.  (Dkt. #108).

3        DATED this 18th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
FOR REASONABLENESS DETERMINATION - 3