UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN BECKER, *et al.*,

    Plaintiffs,

    v.

ALLCOM, INC., an Alaska corporation, *et al.*,

    Defendants.

Case No. C04-0958L

ORDER DENYING MOTION FOR RECONSIDERATION

On July 18, 2005, the Court issued an order granting the motion for partial summary judgment filed by defendants John and Lola Amyx (the "Amyx defendants") regarding plaintiffs Steven and Rhonda Becker's claims against them for intentional misrepresentation/fraud, negligent misrepresentation, tortious interference, breach of fiduciary duty, and unjust enrichment. (Dkt. #168, the "Order"). The Order dismissed all of plaintiffs' claims against the Amyx defendants except claims under the Washington State Securities Act, RCW 21.20 *et seq.* (the "WSSA"). On July 28, 2005, plaintiffs timely filed a motion for reconsideration requesting that the Court reconsider the portion of the Order dismissing their fraud claim. (Dkt. #177).

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

ORDER DENYING MOTION
FOR RECONSIDERATION- 1

legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

Becker argues that the Court erred by finding that he waived personal rights to enforce the 2003 Amended SPA by executing the Settlement Agreement because, he contends, the agreements are separate and distinct. Far from showing manifest error, Becker's argument misconstrues the Order, which did not state that Becker waived a personal right to enforce the 2003 Amended SPA. Rather, the Court found that Becker could not personally recover for injuries flowing from its breach, including Allcom's failure to provide $5 million in funding to StarCom, because that claim, as well as claims based on Amyx's alleged misrepresentations about available funding, were derivative and belong to the stockholders. Order at p. 5.

Plaintiffs next argue that the Court erred in finding that the rights under the 2003 Amended SPA are derivative; however, the plain language of that agreement states that Allcom's obligations were for "the benefit of all shareholders and option holders in StarCom." Becker Decl., Ex. 7 (2003 Amended SPA) at ¶ 1(b). The Court did not, as plaintiffs allege, find that plaintiffs' use of lost share value as the measure of damages *per se* rendered their claims derivative. Instead, the Court found that their claims were derivative "because Becker cannot prevail on his claims without showing an injury to StarCom." Order at p. 5. Becker does not argue that this was an incorrect statement of law; rather, he alleges a separate injury based on his loss of control rights under the Voting Rights Agreement.[1] However, as the Court noted, Becker gave up his control rights in favor of funding commitments to StarCom for the benefit of all

---

[1] Becker also argues that he relied on Allcom's funding promises to use "available" funds "to pay creditor obligations on which Becker had made personal guarantees." Plaintiffs' Motion at p. 6. The Court does not consider that new claim because Becker made it for the first time in support of the motion for reconsideration, and has not explained why he could not have presented it earlier with reasonable diligence.

ORDER DENYING MOTION
FOR RECONSIDERATION- 2

shareholders, including himself.[2]  Furthermore, he knew that defendants had taken over StarCom and violated the Voting Rights Agreement before he executed the June 2003 agreements, yet he nevertheless waived his personal claims by releasing Allcom and its directors from any claims "past and present, known or unknown, whether in contract, tort, or by statute related in any way to, based on or arising out of any facts, events or circumstances occurring or existing prior to the effective date of this agreement."  Settlement Agreement at ¶ 2B.  By its plain terms, the global waiver applies *regardless of the source of the alleged rights*.[3]  Order at p. 3.  Moreover, Becker has accepted benefits under the Settlement Agreement containing the release.  For these reasons, Becker has not shown that the Court erred in finding that the right to enforce the 2003 Amended SPA was derivative, and that Becker's personal rights were waived.

Becker also argues that the Court made two factual errors.  First, he contends that the Court found that his claims were "based on rights he obtained through the 2002 Voting Rights Agreement," when in fact his claims "arise from fraud within the June 2003 Amended SPA."  Motion for Reconsideration at p. 4.  Becker has not shown that the Court erred in noting that he was attempting to enforce the 2003 Amended SPA by claiming that he gave up personal rights in the Voting Rights Agreement, a claim Becker continues to make.  Second, Becker alleges that the Court erred in finding that he did not voluntarily give up control of StarCom.  However, Becker presented evidence, and he continues to assert, that by the time the June 2003 agreements were executed, Allcom had completed a hostile takeover and acquired both shareholder and board control of StarCom.  Accordingly, Becker has not shown that the Order contained manifest errors requiring reconsideration.

Finally, Becker argues that if the Court denies the motion for reconsideration, it should

---

[2] In light of this fact, the Court noted that Becker may have had a right to avoid the 2003 Amended SPA but never sought that remedy.

[3] Plaintiffs' citation to Alejandro v. Bull, 123 Wn. App. 611, 626 (2004) is unavailing because in that case, unlike this one, plaintiffs did not sign a release and ratify the contract.

ORDER DENYING MOTION
FOR RECONSIDERATION- 3

allow him to amend his damages claim and/or refile his suit against Amyx. A request for that relief is well beyond the scope of a motion for reconsideration and must be denied for that reason alone. Even if plaintiffs' request to amend were properly before the Court, it would be denied. Plaintiffs have cited no authority allowing them to amend or refile after their claims have been decided by a dispositive motion. Furthermore, the trial in this case is currently scheduled to begin in less than six weeks, and discovery has long since closed. Any amendment at this point would cause undue delay and severely prejudice defendants.

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration (Dkt. #177).

DATED this 8th day of August, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION- 4